AMY K. ANDERSON
Jones Walker LLP
Texas Bar No. 24077064
811 Main Street, Suite 2900
Houston, Texas 77002
Telephone: 713.437.1866
aanderson@joneswalker.com

MARK A. MINTZ (La. Bar #31878)
Texas Bar No. 24124555
MADISON M. TUCKER (La. Bar #37722)
(pro hac vice forthcoming)
Jones Walker LLP
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-8261
mmintz@joneswalker.com
mtucker@joneswalker.com

*Attorneys for Libertas Pool 1, LLC*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **In re:** | **CASE NO. 23-31907-mvl-7** |
| **ROBINSON, STEPHEN WILLIAM** <br> **ROBINSON, JEAN MARIE** | **CHAPTER 7** |
| **Debtors.** | |
| **LIBERTAS POOL 1, LLC** <br><br> **Plaintiff** <br> v. <br><br> **STEPHEN WILLIAM ROBINSON** <br><br> **Defendant.** | **ADVERSARY PROCEEDING NO. _____** |

**COMPLAINT PURSUANT TO 11 U.S.C. § 523(c)(1) TO DETERMINE DISCHARGEABLITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(2)(A) AND OBJECTION TO DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(5)**

COMES NOW, Libertas Pool 1, LLC ("Libertas") who files this complaint (this "Complaint"), pursuant to 11 U.S.C. § 523 and 11 U.S.C. § 727 against Stephen William Robinson ("Debtor" or "Mr. Robinson"). In support thereof, Libertas respectfully states as follows:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1334. This adversary proceeding is a core proceeding and this Court has authority to enter final judgments pursuant to 28 U.S.C. § 157(b)(2)(I) and (O). To the extent that this Court does not have the authority to enter a final judgment on this matter, Libertas consents to this Court's entry of a final judgment.

2.  Venue is proper before this Court pursuant to 28 U.S.C. § 1409(a).

## PARTIES

3.  Plaintiff Libertas is a limited liability company with its principal place of business in Alabama and a creditor of Mr. Robinson in the above-captioned bankruptcy case (the "Bankruptcy Case") with the authority to raise, appear, and be heard on the issues presented in this Adversary Proceeding pursuant to, *inter alia*, 11 U.S.C. § 523(c) and Fed. R. Bankr. P. 4007.

4.  Defendant Mr. Robinson is a citizen of the state of Texas and a Debtor in the above-captioned Bankruptcy Case.

**FACTUAL ALLEGATIONS**

**I.    The Bankruptcy Case.**

5. On August 31, 2023 (the "Petition Date"), Mr. Robinson and his wife Jean Marie Robinson (collectively, the "Debtors") filed a voluntary petition for relief under Title 11, Chapter 7, of the Bankruptcy Code. [Dkt. No. 1].

6. Scott M. Seidel (the "Trustee") assigned as trustee and continues to act in that capacity.

7. Libertas holds a claim against Mr. Robinsons in the amount of not less than $4,000,000.00 arising out of the Alabama Action, as detailed and defined below. Libertas intends to file a proof of claim evidencing the same.

8. On October 13, 2023, the Debtors' first Meeting of Creditors was held pursuant to 11 U.S.C. § 341 (the "First Meeting of Creditors"). The First Meeting of Creditor was continued to November 3, 2023 due, in part, to the Debtors' failure to list ownership interests in several businesses.

9. On November 3, 2023, the Debtors' continued Meeting of Creditors (the "Second Meeting of Creditors") was held. [Dkt. No. 20].

10. The testimony given during the Meeting of Creditors revealed several incongruencies regarding the Debtors' assets and liabilities.

11. Among other things, Mr. Robinson testified that he had loaned money, totaling $2,058,650, to his brother-in-law Kevin Russell[1] with regard to Coil Chem LLC and "to cover expenses with TransCanada on the XL Pipeline." See [Dkt. No. 17], Schedule A/B, ¶ 30.

---

[1] Upon information and belief, Kevin Russell has also filed recent bankruptcy. See *In re Richard Kevin Russell*, Case No. 22-41793, United States Bankruptcy Court for the Northern District of Texas.

12. Mr. Robinson attributed the loss to the fact that "Kevin didn't get his money, so I'm not getting my money." Mr. Robinson went on to state: "I think I just have gullible written across my forehead."

13. Mr. Robinson testified that he had made no efforts to collect on these loans and had not filed a proof of claim for these amounts in the recent Russell Bankruptcy. In fact, while Mr. Robinson testified that he had knowledge of the Russell Bankruptcy, he allegedly did not file a proof of claim for the millions of dollars owed by Mr. Russell because allegedly "[he didn't] have any documentation or proof of it."

14. Further, Mr. Robinson stated in his schedules and testified at the Second Meeting of Creditors that many of the transfers and loans made were to companies he believed had filed bankruptcy. Mr. Robinson, again, has not filed a proof of claim in any of those bankruptcies.

**II.    The Alabama Action.**

15. Mr. Robinson, through his wholly owned holding company Jasers Enterprises LLC, owns a 33.33% interest in PC Pool1, LLC ("PC Pool"). See [Dkt. No. 17], Schedule A/B, ¶ 19.

16. Mr. Robinson was the managing member of PC Pool from 2019-2020.

17. Prior to the bankruptcy case, on July 3, 2023, Libertas filed the *Complaint* commencing the lawsuit captioned *Libertas Pool 1, LLC v. PC Pool1, LLC, et al.*, Case No. 43-cv-2023-900238.00 in the Circuit Court of Lee County, Alabama (the "Alabama Action"). A true and correct copy of the complaint (the "Alabama Complaint") is attached as **Exhibit 1** to the Declaration of Kurt Hayley (the "Hayley Declaration") attached hereto as **Exhibit A**.

18. As further explained in the Alabama Complaint, Libertas and PC Pool entered into an Asset Purchase Agreement (the "Agreement") so that Libertas, as purchaser, could acquire certain Loan Agreement finance contracts and future life insurance policy trail commissions, in

connection with premium-financed life insurance policies. Mr. Robinson signed the Agreement and personally participated in the negotiation of the assets identified in the Agreement.

19. The Agreement was used to promote the settlement of prior 2021 litigation between PC Pool, Libertas, and other defendants.

20. Specifically, PC Pool, as seller, represented through its members (including Mr. Robinson) and promised to sell and deliver to Libertas (the "Assets"): fifty-nine (59) Life Insurance contracts, the accompanying life insurance trail commissions and the Promissory Notes protecting the financing of the associated collateral advances from PC Pool to their clients.

21. Mr. Robinson personally participated in these negotiations and represented the Assets as consisting of 59 contract and the future trail commissions belonging and paid to the 59 contracts.

22. PC Pool, Mr. Robinson,[2] and other co-defendants in the Alabama Action Samuel B. Watson, Steven Alms, Cool Springs Financial Group, LLC, and John McDonough (the "Alabama Defendants") materially misrepresented the Assets and settlement provisions.

23. Despite express settlement representations that PC Pool has 59 Life Insurance contracts to sell, the actual number of contracts PC Pool had available for Libertas' purchase was fewer and would change over time.

24. Further, Libertas alleges that Mr. Robinson and the Alabama Defendants misrepresented the sale of certain insurance policy "trail commissions" as a material component of the Agreement.

---

[2] Libertas notes that Mr. Robinson has been dismissed from the Alabama Action due to his commencement of this Bankruptcy Case.

{N4176971.4}      5

25. Moreover, prior to negotiation of the Agreement, Alabama Defendant Cool Springs Financial Group, LLC ("Cool Springs") made transfers of not less than $148,450.44 to PC Pool.

26. Upon information and belief, these transfers from Cool Springs to PC Pool were related to compensation promised by Cool Springs to PC Pool and/or Profusion Wealth Solutions, LLC for lending funds to Cool Springs' life insurance customers.

27. Mr. Robinson, through Jasers Enterprises LLC owns a 33.33% interest in Profusion Wealth Solutions, LLC ("Profusion") and also a 33.33% interest in PC Pool.

28. Unknown by Libertas at the time of the Agreement, Mr. Robinson and his business partners failed to disclose that the principal, CEO, and Chairman of Cool Springs held an ownership interest in PC Pool and Profusion through Alabama Defendant Sam Watson and his personal LLC known as Kindred Funds, LLC.

29. The Cool Springs transfers and ownership interests described above were never disclosed to Libertas prior to entering in to its agreement with PC Pool.

30. Mr. Robinson's operation of Profusion and PC Pool to facilitate Cool Springs' sale of life insurance products as a "collateral lender," as described in the Alabama Complaint, was outside the four corners of the life insurance contract.

31. Therefore Mr. Robinson, through Profusion and PC Pool, had a duty under the Texas Insurance Code to disclose the ownership relationship among Cool Springs and Profusion, and to not deceive Libertas.

32. Furthermore, during the course of effectuating the settlement and asset purchase, Libertas transferred more than $4,000,000.00 to debtor customers of PC Pool to keep the Assets in good standing with the pool's clients, and to protect the economic viability of the Assets and the pool. Defendants Robinson and the Alabama Defendants represented to Libertas that the funds

were required to keep the Assets viable while the parties continued toward the "closing" of the Assets sale.

33. These payments were made by Libertas pursuant to the explicit representations and requests of PC Pool and its members, including Mr. Robinson.

34. PC Pool through its members, including Mr. Robinson, represented and assured Libertas that these payments would be credited to Libertas towards purchase of the Assets. No such credit has occurred. To date, PC Pool has not endorsed, assigned or otherwise delivered ownership of the Assets to Libertas.

35. Further, Mr. Robinson and PC Pool represented that Libertas' money was being safely held and that defendant Cool Springs Financial Group, LLC would "backstop" the payments that Libertas paid to protect the pool.

36. Libertas relied to its detriment on these – among other – representations by PC Pool and its members, including Mr. Robinson.

37. The PC Pool Assets have not been delivered to the custody and possession of Libertas, and Libertas' transfers have been and continue to be grossly mismanaged by PC Pool. The Assets held by PC Pool are identifiable property with value that accrues to the net worth and benefit of Mr. Robinson.

38. Libertas made demand for the return of its funds, but PC Pool has failed to return these funds.

39. Additionally, almost $400,000.00 is being held in escrow by counsel for PC Pool, a portion of which is claimed by Libertas, and a portion of which may accrue to the benefit of Mr. Robinson. These funds have been withheld from Libertas.

**COUNT ONE: NON-DISCHARGEABILITY UNDER SECTION 523(a)(2)(A) OF THE BANKRUPTCY CODE**

40. Libertas incorporates by reference the allegations contained in the foregoing paragraphs, as though set forth fully herein.

41. Bankruptcy Code § 525(a)(2)(a) provides:

> (a) A discharge under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title [11 USCS § 727, 1141, 1192, 1228(a), 1228(b), or 1328(b)] does not discharge an individual debtor from any debt—
>
> …
>
> > (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
> >
> > > (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

11 U.S.C. § 523(a)(2)(A).

42. All or part of the debt owed to Libertas, is non-dischargeable as it is a debt for money, property, services, or an extension, renewal, or refinancing of credit, that was obtained by false pretenses, a false representation, or actual fraud within the meaning of Bankruptcy Code § 523(a)(2)(A).

43. Alabama law, which governs the transactions between Libertas and the Alabama Defendants, provides that agents of a corporation who personally participate in a tort are personally liable. *Ex parte Mcinnis*, 820 So. 2d 795,798-99 (Ala. 2001) (noting that "a corporate agent who personally participates, albeit in his or her capacity as such agent, in a tort is personally liable for the tort"); *Ex parte Charles Bell Pontiac-Buick-Cadillac-GMC*, 496 So. 2d 774, 775 (Ala. 1986) (stating "[i]n Alabama, the general rule is that officers or employees of a corporation are liable for torts in which they have personally participated, irrespective of whether they were acting in a

corporate capacity."). As the Alabama Supreme Court noted, "[i]t is well-established that a director of a corporation 'may not participate in a tort perpetrated through the agency of a corporation, or in a fraudulent injury to another, without being civilly responsible.'" *Crigler v. Salac*, 438 So. 2d 1375, 1379-80 (Ala. 1983) (quotations omitted).

44. During the course of effectuating the settlement and asset purchase, Libertas transferred approximately $4,000,000.00 to PC Pool to keep the Assets in good standing with the pool's clients, and to protect the economic viability of the Assets and the pool.

45. As explained above and in further detail in the attached Alabama Complaint, these payments were made by Libertas pursuant to the explicit false, and likely fraudulent, representations and requests of PC Pool and its members, including Mr. Robinson.

**COUNT TWO: OBJECTION TO DISCHARGE UNDER SECTION 727(a)(5) OF THE BANKRUPTCY CODE**

46. Libertas incorporates by reference the allegations contained in the foregoing paragraphs, as though set forth fully herein.

47. Section 727(a)(5) of the Bankruptcy Code provides:

(a) The court shall grant the debtor a discharge, unless—

(5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities; …

11 U.S.C. § 727(a)(5).

48. Libertas asserts that Mr. Robinson is not entitled to discharge because, he has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities by, among other things, failing to

explain his failure to attempt collection of several loans made for several millions of dollars including those loans made to this brother-in-law Kevin Russell.

49. Vague and unsupported testimony during the Second Meeting of Creditors that "Kevin didn't get his money, so I'm not getting my money," or "I think I just have gullible written across my forehead," do not satisfactorily explain the loss of millions of dollars. Mr. Robinson identifies multiple LLCs and layers of LLCs in his schedules. A history of business organization structuring and financial engineering suggests that Mr. Robinson's claim of gullibility should be given little weight by the finder of fact.

### PRAYER

WHEREFORE, Libertas prays that this Court enter and order determining that the claim of Libertas for not less than $4,000,000.00 is not dischargeable because it was incurred by false pretenses, a false representation, or actual fraud pursuant to 11 U.S.C. § 523(a)(2)(A); and

Libertas further prays that this Court enter and order determining that the Debtor is not entitled to discharge because he failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities.

Libertas further prays for such other relief as the Court may deem just and proper.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK.]

Respectfully submitted,

**JONES WALKER LLP**

*/s/ Amy K. Anderson*
AMY K. ANDERSON
Texas Bar No. 24077064
811 Main Street, Suite 2900
Houston, Texas 77002
Telephone: 713.437.1866
aanderson@joneswalker.com

and

*/s/ Madison M. Tucker*
MARK A. MINTZ (La. Bar #31878)
Texas Bar No. 24124555
MADISON M. TUCKER (La. Bar #37722)
(pro hac vice forthcoming)
Jones Walker LLP
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-8261
Facsimile:  (504) 589-8261
mmintz@joneswalker.com
mtucker@joneswalker.com

*Attorneys for Libertas Pool 1, LLC*

## CERTIFICATE OF SERVICE

I, Amy K. Anderson, do hereby certify that on December 11, 2023, the foregoing pleading was caused to be served via the Court's CM/ECF system and/or via email to:

Christopher Marvin Lee
Lee Law Firm, PLLC
8701 Bedford Euless Road
Suite 510
Hurst, TX 76053
469-646-8995
Fax : 469-694-1059
Email: ecf@leebankruptcy.com

James M. Morrison
Lee Law Firm, PLLC
8701 W. Bedford Euless Rd.
Suite 510
Hurst, TX 76053
469-646-8995
Email: ecf@leebankruptcy.com

COUNSEL FOR THE DEBTORS

Scott M. Seidel, Esq.
State Bar No. 17999450
Seidel Law Firm
6505 W. Park Blvd.
Suite 306
Plano, Texas 75093
Telephone: 214-234-2500
scott@scottseidel.com

COUNSEL FOR THE CHAPTER 7 TRUSTEE

 

                     */s/ Amy K. Anderson*
                     Amy K. Anderson